## In re MAXWELL, Superintendent of Insurance.

*(Supreme Court, General Term, First Department.    January 28, 1889.)*

1. ATTORNEY AND CLIENT—COMPENSATION—SERVICES IN ANCILLARY PROCEEDINGS.

    The superintendent of insurance retained plaintiff, an attorney, to prosecute proceedings to collect a deficiency judgment rendered upon the foreclosure of a mortgage deposited in the insurance department.    At the time of the retainer the deficiency was fixed, but no formal judgment was entered.    Plaintiff's compensation was to be paid only from the amount recovered.    The widow of the mortgagor commenced proceedings in the surrogate's court against the insurance department and others to rescind her election to take under her husband's will in lieu of dower, the object being to evade liability for the deficiency, in which plaintiff represented the department.    *Held,* that the proceedings in the surrogate's court were part of the litigation for which plaintiff was retained, and he was entitled to no additional compensation therefor.

2. SAME—ACCOUNT STATED.

    The successor of the superintendent mentioned, in ignorance that plaintiff had already received a payment on account of his services in the deficiency matter, allowed his claim, and an order of court was made for its payment.    Learning of such payment, he refused to pay the full amount, and informed plaintiff that, un-

less he consented to take a reduced amount, he would procure a modification of the order of allowance. Thereupon plaintiff wrote him, insisting that he was entitled to the full sum, but stated that he left the matter absolutely with the superintendent. The latter then remitted him the full amount, less the payment, and two years later plaintiff applied to the court to compel the superintendent to pay the sum deducted. *Held*, that the transaction was virtually a settlement of a disputed claim, by which plaintiff was bound.

Appeal from special term, New York county.

Application to a judge of the supreme court in chambers to compel Robert A. Maxwell, the superintendent of insurance, to pay the plaintiff, Raphael J. Moses, Jr., $750, alleged to be due him as a balance of a fee for legal services rendered in the collection of a deficiency. Judgment rendered after the foreclosure of a mortgage executed by Edward Rowe and Benjamin F. Beekman, and deposited by an insurance company with said superintendent. After the retainer Catharine A. Beekman, widow of said Beekman, began a proceeding in the surrogate's court to rescind her election to take under the will of her late husband in lieu of dower; the object being to evade the payment of such deficiency. Plaintiff represented the insurance department in the proceedings, and claimed extra compensation for that service. The application was refused, and plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*Raphael J. Moses, pro se.  W. A. Poste,* for respondent.

VAN BRUNT, P. J. On the 10th of March, 1885, the appellant was retained by the insurance department to examine and investigate various claims for deficiencies arising upon sales of property upon foreclosure of mortgages theretofore deposited by various insurance companies in said department. By the terms of the retainer the appellant was to be paid for his services only out of the proceeds of such collections as he might make on such claims. Among the claims placed in his hands was one against Edward Rowe and the executors of the will of Benjamin F. Beekman upon a bond and mortgage executed by said Rowe and Beekman. The decree of foreclosure was entered on the 28th of November, 1882, but the formal judgment for deficiency, amounting to $40,438.77, was not entered until after said claim was placed as aforesaid in the hands of the appellant, who procured it to be entered on or about the 1st of June, 1885. From said 10th March, 1885, down to the 8th June, 1886, the appellant rendered services to the said department in connection with said claim for deficiency. Prior to the 25th November, 1885, certain proceedings had been initiated in the surrogate's court, apparently in reference to the claim for deficiency held by the department against Rowe and Beekman, although it does not appear very distinctly from the papers which are before the court precisely what the nature of this proceeding was. Upon this date the appellant wrote to the superintendent of insurance, asking him for an advance of $750 on account of his claim for services. In the letter making such application he assures the superintendent that he will succeed in realizing over $30,000 from the Beekman claim, whichever way this proceeding is decided. The superintendent, two days thereafter, sent the sum of $750, stating in the letter covering the remittance that the same was on account of his services rendered thus far in the transaction of said deficiency judgment, referring to the Beekman claim: and the appellant returned a receipt for said $750, as being on account of services rendered by him in prosecuting the deficiency judgment obtained on foreclosure of mortgage of Benjamin F. Beekman and wife, and Edward Rowe and wife, which was held on deposit in said department in trust for said company. On January 4, 1886, a new superintendent of insurance having come into office, the retainer of Mr. Moses was continued, and $30,160 was collected by Mr. Moses on account of this deficiency judgment. Shortly thereafter the appellant presented his bill for services from March 1, 1885, to June 7, 1886, which was approved by the superintendent.

at $4.709.70. In said account no reference whatever was made to the receipt of the $750 hereinbefore mentioned, and an order was entered authorizing the superintendent of insurance to pay the appellant the amount of his bill, $4,709.70. Before the said bill was paid the superintendent of insurance caused an examination to be made through the accounts of the department during the last year of his predecessor, and found that the appellant had already been paid on account the sum of $750, to apply on account of said services. The appellant was thereupon notified by the superintendent that he should not have approved the bill at the whole amount had he known at the time of this payment, and that he had no reason to suppose that the appellant had been paid anything. The appellant was thereupon informed that this payment on account must be deducted from the amount of his bill, and he was asked to advise the superintendent by mail whether he should make such deduction, and send a check for the balance to the appellant. The appellant thereupon replied, alleging that the services for which he had been paid the $750 were, in his opinion, entirely distinct from the proceedings to collect the deficiency; that the $750 canceled those services, and that they were therefore not included in the bill rendered. And the appellant further states in his letter: "If you add the services, you ought also to add the $750 to compensation. As I telegraphed you to-day, I leave the matter absolutely to you." Upon the receipt of this letter the superintendent of insurance sent to the appellant a check for his bill, deducting the $750, stating that such deduction was made because of the payment heretofore made to him in the matter of the examination of the proceedings to collect judgment on foreclosure sales of mortgage securities heretofore deposited in the insurance department. The appellant received said check, and sent a receipt accepting the same, being in full payment of the balance due for disbursements and services rendered by him up to June 7, 1886, in prosecuting deficiency judgment against Beekman and others. This application is now to compel the payment of said $750.

It seems to us clear from this statement of facts that all the services which were rendered, and for which a charge was made by the appellant, were rendered in reference to the proceedings for the collection of this deficiency which the department held against Rowe and the Beekman estate. It is so treated by all the parties in their correspondence, and there is no pretense that the appellant was retained by the department in connection with any other matter in which the Beekman estate was interested. The appellant received a payment of $750 on account of services rendered in that manner, and none other. It is true that on his bill such services were not mentioned when he rendered it to the subsequent superintendent, and it is true that he was equally silent in regard to its payment. But it is also equally true that he was informed that the approval of the bill had been made under a misconception of the facts, namely, in ignorance of the fact that he had already been paid $750 on account of services in connection with that judgment; and he was informed that, unless he was willing to deduct that amount from the sum at which his bill was audited, the superintendent would not pay it, but would apply to the court for an amendment of the order. Such is the plain purport of the superintendent's letter. Under these circumstances, the appellant presents his case to the superintendent, and says that he leaves the matter absolutely to him. The superintendent sends a check, deducting the amount of the payment, and the appellant sends a receipt in full for this amount. It seems to us incredible that, if the appellant at this time intended to insist upon his claim, he should have acted in this way. In fact it may be a question whether there was not a stating of an account between these parties, and, there being no new facts developed by which the appellant could open this settlement, whether he is not bound by it. It was a dispute between the superintendent and the appellant as to the amount which he should be allowed for his services. The appellant acceded to the audit of the superintendent,

having full knowledge of the facts, and agreed to take a specified sum in full payment therefor. Unless for very good reasons, it does not seem possible that the appellant should be allowed to open this settlement. An examination of the papers shows that all these services were rendered in the matter of the claim for deficiency against Rowe and the Beekman estate. The proceedings in the surrogate's court were undoubtedly an attempt to relieve the property from the claim which was made by reason of this deficiency. The mere fact that the deficiency judgment was not entered of record until after these proceedings had been initiated in the surrogate's office argues in no way against the claim of the superintendent that those services were rendered solely in respect to that matter. The order appealed from should be affirmed, with $10 costs and disbursements. All concur.